UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

EDWARD H. FLINT,                                                                    Plaintiff,

v.                                                          Civil Action No. 3:15-cv-381-DJH

MCKAY CHAUVIN, JUDGE,                                                         Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Edward H. Flint has a long history of filing *pro se* complaints in this Court against judges and public officials, and prior lawsuits have been dismissed and sanctions imposed. Plaintiff's current complaint alleges bias and other misdeeds by Defendant Jefferson County Circuit Court Judge McKay Chauvin. Defendant Judge Chauvin, by counsel, filed a motion to dismiss (DN 4) and a motion for sanctions (DN 5). Plaintiff filed a response (DNs 7 & 8) to each motion; Defendant Judge Chauvin filed replies (DNs 9 & 10); and Plaintiff filed sur-replies (DNs 11 & 12). The motions are ripe for determination. Because Plaintiff's complaint is frivolous, baseless, and abusive, it will be dismissed, and additional sanctions will be imposed.

## I. SUMMARY OF ARGUMENTS

In the complaint, Plaintiff reports that he has filed a number of complaints in Jefferson Circuit Court that were assigned to Defendant Judge Chauvin. He alleges that "Defendant despised Plaintiff, because the Plaintiff had sued a number of his Jefferson County fellow judges, for being corrupt and for violating the Constitutions, statutes and Court rules. The Plaintiff also sued the Defendant himself once." He states that Defendant "was Chief Judge in the Jefferson

County Circuit Court, and his actions as Chief Judge harmed Plaintiff and denies Plaintiff civil rights."

Plaintiff claims that Defendant Judge Chauvin "took advantage of Plaintiff being pro, se. and not educated in legal law" and "because of Plaintiff's age." In addition, he claims that Defendant Judge Chauvin's "odium of him, cause Defendant to discriminate against Flint by conspiring with Counsels in these cases for the Defendants, because they were licensed attorneys and he could control their actions" and that Defendant's "actions in the case as a judge, was bias, because of his hatred of the Plaintiff."

Further, alleges Plaintiff, Defendant Judge Chauvin refused to recuse himself, and "[a]t that point Plaintiff appealed that ruling to the Court of Appeals. At the point the case was appealed Defendant Chauvin lost jurisdiction of the case, but refuse to stop and kept issuing orders." Plaintiff continues:

> Defendant had Plaintiff order to jail, even though the hearing was not in his jurisdiction[.] Plaintiff was put into jail and was denied food to eat and medication for the severe pain he has . . . . Plaintiff alleges that Judge Chauvin refused to listen to Plaintiff when Plaintiff wanted to defend himself at a hearing, and the hearing was not in Judge Chauvin Jurisdiction . . . . Plaintiff alleges that at the illegal hearing he tried to tell Judge C[h]auvin he had a physical problem concerning be put in jail. Judge Chauvin commented and I quote, "you sure do have a problems," With no concern about what jail would do to Plaintiff . . . . Plaintiff alleges that at the illegal hearing, Judge Chauvin not only refused to list to Plaintiff but he manipulator the courts video and sound system and at that hearing, when he turned off the sound and video system, he threaten to get Plaintiff. Judge Chauvin turned the system on and off to only show what he wanted shown on the video. He deceived the court as well as the Plaintiff . . . . Plaintiff allergies that Judge Chauvin at the illegel hearing ordered Plaintiff to write a letter explaining why Judge Chauvin should not put him back in jail again. Plaintiff had a document that he had filed, but Judge Chauvin realizing how badly he handled the whole mess, stated he was withdrawing the order. After he greatly harmed Plaintiff he pranced over the entire jail thing, saying he was mandating back the order, but never once saying he was sorry . . . . Plaintiff alleges the Defendants conspired with Counsels on how to best handle the case to make sure Plaintiff Flint lost the case and hurt Flint.

Plaintiff contends that Defendant Judge Chauvin violated 18 U.S.C. § 241, 18 U.S.C. § 242,[1] 42 U.S.C. § 1985, 28 U.S.C. § 1443, 42 U.S.C. § 1981, and 42 U.S.C. § 1983, and that Defendant's actions caused him "great mental stress."

As relief, Plaintiff demands a jury trial; that Defendant Judge Chauvin "resigns as a judge in Kentucky and never run for an elected office again or appointed to a civil office again"; that Defendant Judge Chauvin be disbarred from practicing law; that this Court impose "the maximum sentence on the Defendant" for violation of his civil rights; that "[a]ny and all retirement benefits that may be due Defendant Chauvin, from being a judge, is taken away from him forever"; and that Plaintiff be awarded costs and all other relief to which he may be entitled.

In his motion to dismiss, Defendant Judge Chauvin indicates that although not so specified in the complaint, it appears that the instant suit against him stems from Plaintiff's recent case against Coach House, Inc., Jefferson Circuit Court Case No. 15-CI-571. Defendant advises that while that case was ongoing, Plaintiff was held in contempt of court for willful disobedience and disrespect towards the court at the court's motion hour on March 23, 2015. Defendant reports that after repeated requests for Plaintiff to leave the courtroom and Plaintiff's repeated refusal to comply, Plaintiff was jailed for 24 hours. Defendant argues that Plaintiff's complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6) and is barred by sovereign and judicial immunities.

Plaintiff's response to the motion to dismiss primarily rehashes the allegations he made in his complaint. He continues to claim that Defendant Judge Chauvin "didn't have at times and still don't have jurisdiction of this case. Some cases are on appeal at this time. Some actions by

---

[1] Plaintiff actually alleges a violation of 28 U.S.C. § 242, but no such statute exists. The Court presumes that Plaintiff intended to allege a violation of 18 U.S.C. § 242 and will construe it as such.

the Defendants were done, when CR 76.03(3) is clear that it wasn't in the defendant's jurisdiction until the higher courts return it to him." He also alleges that "CD evidence videos will show and prove that [] Defendant was forcing Plaintiff Flint to do things that was not in his jurisdiction" and that "videos and pleadings will show and prove that the Defendant violated the sworn duties that the justice system demands from judges and attorneys." Further, he states, "Defendants at times didn't have jurisdiction, but wanted the power, like Hitler had. Plaintiff Flint knows how Hitler operated he lived through it and it is something he will never forget and fight at all cost." He also states, "At trial the evidence will show and prove that the Defendant constantly brow beat the Plaintiff"; that "The devil would have received better treatment in Judge Chauvin's Court that the Plaintiff did"; and that "This case was handled by the Defendant in the style of Judge Roy Beam, who did as he pleased, many years ago in West Texas."

In reply, Defendant Judge Chauvin asserts that Plaintiff's response, like his complaint, is filled with baseless allegations. He states that while it is apparent that Plaintiff is unhappy with decisions made by him in state-court case(s), adverse rulings do not give Plaintiff a viable claim. Further, Defendant Judge Chauvin argues that Plaintiff has provided no facts supporting his allegation that Defendant lacked jurisdiction over his case.

In a sur-reply, Plaintiff claims that "Defendants in their reply are trying to get this court to buy their statements as true without evidence being submitted by the Plaintiff."

## II. ANALYSIS

In deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this plausibility standard, a plaintiff must "plead[]

4

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  A complaint that merely offers "'naked assertions' devoid of 'further factual enhancement'" does not satisfy the Federal Rules of Civil Procedure. *Id*. (quoting *Twombly*, 550 U.S. at 557).  Further, "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Finally, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Upon consideration, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under Rule 12(b)(6).

Sections 241 and 242 of Title 28 of the United States Code are criminal statutes that do not create a private right of action. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) ("[T]he district court properly dismissed Oguaju's claim pursuant to 18 U.S.C. §§ 241 or 242 because Oguaju has no private right of action under either of these criminal statutes."). Further, "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965); *see also Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242.").

Plaintiff's conspiracy claim under 28 U.S.C. § 1443 must be dismissed because § 1443 is a federal removal statute, not a cause of action under which to bring a claim.  Plaintiff's claim

5

under 42 U.S.C. § 1981 fails because he alleges neither a contract nor racial discrimination. *See, e.g.*, *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609 (1987) ("Although § 1981 does not itself use the word 'race,' the Court has construed the section to forbid all 'racial' discrimination in the making of private as well as public contracts.") (citation omitted). Similarly, his 42 U.S.C. § 1985 claim fails because he has not alleged that "the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus." *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999).

The final statute under which Plaintiff seeks to bring his claims is 42 U.S.C. § 1983. Under that statute,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that *in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.* For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983 (emphasis added). Plaintiff seeks only injunctive relief in the complaint. As all of the alleged actions by Defendant Judge Chauvin were taken in his judicial capacity and Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable, Plaintiff is not entitled to injunctive relief under § 1983.

Moreover, even if the Court were to consider Plaintiff's demands for various forms of injunctive relief, the claims for injunctive relief also fail. With regard to Plaintiff's demand that Defendant Judge Chauvin be removed from his judicial position, this Court has no jurisdiction to

take such action.  The power to do so lies with Kentucky's Judicial Conduct Commission and the

Supreme Court of Kentucky.  *See Gormley v. Judicial Conduct Comm'n*, 332 S.W.3d 717, 725

(Ky. 2011) ("Section 121 of the Kentucky Constitution authorizes the [Judicial Conduct

Commission] to . . . remove, a judge or justice for good cause, with judicial review directly to the

[Kentucky] Supreme Court.").  This Court likewise has no jurisdiction to disbar Defendant Judge

Chauvin, as Plaintiff requests.  *See Theard v. United States*, 354 U.S. 278, 281 (1957) ("The two

judicial systems of courts, the state judicatures and the federal judiciary, have autonomous

control over the conduct of their officers, among whom . . . lawyers are included."); *In re

Baumgartner*, 123 F. App'x 200, 203 (6th Cir. 2005) (recognizing that the state has jurisdiction

to disbar an attorney and that the state's power of disbarment cannot be upset by federal review).

Finally, as to Plaintiff's demand that this Court impose "the maximum sentence" on Defendant

Judge Chauvin, incarceration is not available as relief to Plaintiff in this civil action, and the

Court does not have the power to direct that criminal charges be filed against anyone.  *See Peek

v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970) (finding that United States attorneys cannot be

ordered to prosecute because the decision is within their discretion); *Fleetwood v. Thompson*,

358 F. Supp. 310, 311 (N.D. Ill. 1972) (finding that the "plaintiff's complaint fails to state a

claim upon which relief can be granted in that none of the United States Attorneys can be

compelled to investigate or prosecute alleged criminal activity").

　　　For these reasons, Plaintiff fails to "state a claim to relief that is plausible on its face."

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Accordingly, it is hereby

　　　**ORDERED** that Defendant Judge Chauvin's motion to dismiss pursuant to Fed. R. Civ.

P. 12(b)(6) (DN 4) is **GRANTED**.

7

### III.  SANCTIONS

In his motion for sanctions, Defendant Judge Chauvin reports that Plaintiff has a long history of filing frivolous, vexatious lawsuits against federal and state judges.  He asserts that Plaintiff repeatedly has been warned that he cannot sue judges and has had sanctions imposed upon him for continuing to file such actions.  Arguing that the filing of the instant action violates prior orders of this Court, Defendant Judge Chauvin seeks the imposition of sanctions against Plaintiff.

In response, Plaintiff argues that "[s]anctions should never be considered until a trial has been held and then the evidence shows that the complaint was frivolous."  Plaintiff further states:

> In 2007 the Holy Spirit told the Plaintiff that God wanted the Devil out of the Justice System and wanted the Plaintiff to file a number of lawsuits, to get him out.  The Holy Spirit told Flint, that he the Holy Spirit would tell Flint how to write the pleadings and tell him what to say in court.  The Holy Spirit would also teach Flint about the law needed.  Flint by his action has been and will continue doing God's will.  Flint has obeyed the courts rules in every case.

Plaintiff also resorts to name-calling by suggesting similarities between the Nazis and "corrupt judges."

In reply, Defendant Judge Chauvin maintains that Plaintiff does not overcome the fact that the instant case is nearly identical to his other cases filed in this Court and almost mirrors them allegation for allegation.  He claims that Plaintiff has done nothing to show that this case is unique or that this case is meritorious where others are not.

Plaintiff, in his sur-reply, claims that "Defendant is attempting to find a corrupt judge and they will make any argument hoping to find such a judge."

In one of Plaintiff's earlier actions, *Flint v. Whalin*, Civil Action No. 3:11-cv-316-JGH, by Memorandum Opinion and Order entered June 21, 2011 (DN 6), the late Senior Judge John

G. Heyburn II documented Plaintiff's lengthy history of frivolous litigation against state and federal judges in this Court and found that the "submission of frivolous and duplicative lawsuits serves no legitimate purpose, places a tremendous burden on this Court's limited resources, and deprives other litigants with meritorious claims of the speedy resolution of their cases." Therefore, Judge Heyburn issued the following warning to Plaintiff:

> **Flint is WARNED that he will be sanctioned in the amount of $700.00 per suit should he file any additional lawsuits in this Court against federal or state judges on the grounds that he believes they were biased against him, made incorrect rulings, or otherwise improperly oversaw any of his cases. Additionally, filing any additional such lawsuits could result in the imposition of additional sanctions, including the imposition of filing restrictions.**

This warning, however, did not deter Plaintiff as he filed a subsequent lawsuit against a state court judge.  *See Flint v. McDonald*, Civil Action No. 3:12-cv-613-CRS.  By Memorandum Opinion and Order entered January 18, 2013 (DNs 10 & 11), Senior Judge Charles R. Simpson III held that Plaintiff's suit plainly fell within the terms of Judge Heyburn's warning, as it was a lawsuit against a state judge on the grounds that the state judge was biased against him, made incorrect rulings, and improperly oversaw a hearing in the case.  Finding that the filing of the subsequent action constituted bad faith, Judge Simpson imposed a $700 sanction, double the cost of the filing fee at that time, and issued the following warning to Plaintiff to ensure that he was aware that any future frivolous lawsuits could result in even more severe sanctions:

> [T]he plaintiff, Edward H. Flint, is **WARNED** that if he files any additional lawsuits in this Court against federal or state judges on the grounds that he believes they were biased against him, made incorrect rulings, or otherwise improperly oversaw any of his cases, **he will face further sanctions, which could include, but are not limited to, monetary sanctions of more than $700 or the imposition of filing restrictions[.]**

Again not deterred by Judge Heyburn's warning or the sanctions imposed by Judge Simpson, Plaintiff filed an action against a federal judge. *See Flint v. McKinley*, Civil Action No. 4:15-cv-130-GNS. There, the Court found that Plaintiff acted in bad faith in bringing the action against a federal judge despite two earlier warnings by the Court. Judge Greg N. Stivers imposed a sanction against Plaintiff of $800, an amount double the current cost of the fee for filing a civil action.

Plaintiff continued to file suits against state court judges. In *Flint v. Burkman*, Civil Action No. 3:15-cv-439-JHM, Chief Judge Joseph H. McKinley, Jr., also imposed an $800 sanction against Plaintiff and further imposed a prefiling restriction on him due to his history of filing frivolous and burdensome lawsuits targeting state and federal judges.

Thereafter, in *Flint v. Acree*, Civil Action No. 3:15-cv-588-DJH, a frivolous lawsuit filed by Plaintiff against several current and former Kentucky Court of Appeals judges, the undersigned, by Memorandum Opinion and Order entered December 18, 2015, imposed sanctions against Plaintiff in the amount of $800; barred Plaintiff from filing any new action until he paid <u>all</u> sanctions on or before February 17, 2016;[2] and imposed a prefiling restriction on Plaintiff following payment of all sanctions imposed.

Finally, in *Flint v. Willett*, Civil Action No. 3:15-cv-351-DJH, another suit against a state court judge and other Defendants, the Court imposed, by Memorandum Opinion and Order entered on or around the same date of entry of the instant Order, an $800 sanction and again imposed a prefiling restriction on Plaintiff.

---

[2] Review of the Court's records reveals that Plaintiff failed to comply with this Court's Order directing payment of all prior sanctions on or before February 17, 2016.

This Court agrees with the reasoning in the prior Orders imposing sanctions.  Once again, Plaintiff has brought a frivolous action against a judge after repeated warnings against doing so. Sanctions are therefore appropriate.  *See Halliburton v. United States*, 59 F. App'x 55, 57 (6th Cir. 2003) ("Pursuant to its inherent powers, a court in the Sixth Circuit may impose sanctions to curb vexatious, bad faith litigation if the claims are meritless, the litigant knew or should have known that the claims are meritless, and the claims were filed for an improper purpose.") (citing *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512, 519 (6th Cir. 2002)).  Accordingly, it is hereby

**ORDERED** that Defendant Judge Chauvin's motion for sanctions (DN 5) is **GRANTED**.

The Court will impose a sanction against Plaintiff in the amount of $800 in the present action.  Further, a review of this Court's records reveals that Plaintiff has failed to pay the $700 sanction previously imposed by Senior Judge Simpson; the $800 sanction previously imposed by Judge Stivers; the $800 sanction previously imposed by Chief Judge McKinley; and the $800 sanction previously imposed by the undersigned.  Plaintiff, therefore, remains obligated to pay the prior $3,100 in sanctions in addition to the $800 incurred here and the $800 incurred in *Flint v. Willett*, 3:15-cv-351-DJH, also imposed on or around this date.  "To make the sanction effective and thereby protect the processes of a court from abuse, a litigant against whom . . . sanctions have been imposed must comply with those sanctions before being permitted to pursue new matters in that court."  *Schiff v. Simon & Schuster, Inc.*, 766 F.2d 61, 62 (2d Cir. 1985) (per curiam); *see also Hyland v Stevens*, 37 F. App'x 770, 771-72 (6th Cir. 2002) ("[Plaintiff] is hereby barred from filing any new civil matter or appeal therefrom in this court or any court subject to this court's jurisdiction until he has paid the sanction imposed in [a previous case].");

11

*Hymes v. United States*, 993 F.2d 701, 702 (9th Cir. 1993) ("Courts have inherent power to dismiss actions for nonpayment of costs in prior actions. This power also extends to a litigant's failure to pay previously imposed sanctions."). In accord with the previous orders imposing sanctions discussed above, this Court will also impose the following requirement on Plaintiff:

> **Flint is barred from filing any new action in this Court until he has paid the $800 sanction imposed in this case; the $800 sanction imposed in *Flint v. Willett*, Civil Action No. 3:15-cv-351-DJH; the $800 sanction previously imposed in *Flint v. Acree*, Civil Action No. 3:15-cv-588-DJH; the $800 sanction previously imposed in *Flint v. Burkman*, Civil Action No. 3:15-cv-439-JHM; the $800 sanction previously imposed in *Flint v. McKinley*, Civil Action No. 4:15-cv-130-GNS; the $700 sanction previously imposed in *Flint v. McDonald*, Civil Action No. 3:12-cv-613-CRS; and any other sanctions imposed by the Court. The Clerk of Court shall not accept for filing any future lawsuits by Plaintiff until he pays all sanctions imposed on him.**

> **Therefore, on or before <u>April 29, 2016</u>, Plaintiff shall pay the full balance of all**

**financial sanctions, including those imposed herein. Those sanctions are as follows:**

$700 (*Flint v. McDonald*, 3:12-cv-613-CRS)

$800 (*Flint v. McKinley*, 4:15-cv-130-GNS)

$800 (*Flint v. McDonald-Burkman*, 3:15-cv-439-JHM)

$800 (*Flint v. Acree*, 3:15-cv-588-DJH)

$800 (*Flint v. Willett*, 3:15-cv-351-DJH)

$800 (*Flint v. Chauvin*, 3:15-cv-381-DJH)

**Total $4700**

Plaintiff shall pay the outstanding sanctions to the Clerk of the Court, U.S. District Court for the Western District of Kentucky, 601 W. Broadway, Louisville, Kentucky 40202. **Plaintiff is WARNED that failure to timely pay all outstanding financial sanctions may subject him to additional sanctions and restrictions. Plaintiff may not pursue any new action in this Court until the sanctions have been paid.**

12

Finally, review of the Court's records reveals that since April 20, 2015, Plaintiff has filed nine cases in this Court, six of them against judges. Due to Plaintiff's continued pattern of filing abusive and vexatious lawsuits in this Court and his attempt to ignore the previously imposed sanctions and repeated warnings of additional sanctions, this Court imposes the same prefiling restriction it imposed on Plaintiff in *Flint v. Acree*, Civil Action No. 3:15-cv-588-DJH:

> **Edward H. Flint shall file a motion seeking permission from the Court before filing any new action in this Court. Flint's motion shall demonstrate that the claim or claims he intends to assert are not frivolous and that the suit is not brought for an improper purpose. He must attach his proposed complaint to the motion.**

*See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996) (permanently enjoining plaintiff from filing action based on particular legal and factual claims "without first obtaining certification from a United States Magistrate Judge that the claim or claims asserted are not frivolous and that the suit is not brought for any improper purpose").

The Court will enter a separate Order consistent with this Memorandum Opinion and Order.

Date: March 3, 2016

**David J. Hale, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Counsel of Record
4415.005

13